OVERMAN WHEEL CO. et al. v. CURTIS.

(Circuit Court, D. Connecticut. October 17, 1892.)

1. PATENTS FOR INVENTIONS — SUIT FOR INFRINGEMENT — ADJUDICATIONS IN OTHER CIRCUITS.

The fact that the judiciary act of March 3, 1891, took away the appellate jurisdiction of the supreme court in patent cases, did not extinguish the doctrine of comity between circuit courts, so as to diminish the weight which should be given to a prior decision in another circuit in relation to the same patent. American Paper Pail, etc., Co. v. National Folding Box, etc., Co., 51 Fed. Rep. 232, followed.

2. SAME—INVENTION—VELOCIPEDE PEDALS.

Claims 1 and 2 of letters patent No. 329,851, issued November 3, 1885, to Albert H. Overman, for an improvement in pedals for velocipedes;

cover a patentable invention. Pope Manuf'g Co. v. Clark, 46 Fed. Rep. 789, followed. Pope Manuf'g Co. v. Gormully, etc., Manuf'g Co., 34 Fed. Rep. 892, and 12 Sup. Ct. Rep. 637, 144 U. S. 248, distinguished.

In Equity. Bill by the Overman Wheel Company and the Pope Manufacturing Company against Henry J. Curtis for infringement of a patent. On motion for a preliminary injunction. Granted.

Chamberlain, White & Mills, for complainant.
Offield & Towle, for defendant.

TOWNSEND, District Judge. This is a motion for a preliminary injunction against the infringement of claims 1 and 2 of letters patent No. 329,851, granted to Albert H. Overman, November 3, 1885, for improvement in pedals for velocipedes. These claims were sustained, on final hearing, in Manufacturing Co. v. Clark, 46 Fed. Rep. 789. It appears from the pleadings and proofs and the decision of the court in the former suit that the questions of patentable novelty and infringement were fully presented by counsel, and carefully considered by the court. The learned judge, after reviewing the patents introduced by way of defense, says:

"Nothing has been adduced by the defendant in this case to show that the state of the art was other than is frankly set forth in the specifications of the Overman patent, and I think that it appears that Overman made a distinct step in the adaptation of pedals to the requirements of improved bicycles. The utility is not denied, and the difference, although slight, appears to be important, and one of principle, not attainable by mere mechanical improvement. That it required the exercise of invention, and is patentable, I think has been successfully maintained."

At the hearing upon this application defendant claimed, by way of defense, lack of patentable novelty, prior use, noninfringement, defective title, no injury to complainants, and that the patent in suit had been virtually declared invalid by the United States supreme court. Most of these defenses seem to me to be disposed of by the decision in Manufacturing Co. v. Clark, supra. But defendant's counsel claims that this decision should not stand as an equity against the defendant, because the act of March 3, 1891, by taking away the jurisdiction of the United States supreme court, has virtually extinguished the doctrine of comity between co-ordinate courts. I am unable to adopt this view. In fact, in a very recent case,—American Paper Pail, etc., Co. v. National Folding Box, etc., Co., 51 Fed. Rep. 232,—the circuit court of appeals has decided otherwise. In that case, Judge Shipman, speaking of the weight which is to be given to a previous adjudication which is the foundation of an application for a preliminary injunction, says:

"In the absence of some controlling reason for disregarding it, the former adjudication should have the same weight in this court which it has as the foundation for a preliminary injunction before the circuit court. The effect which is to be given such adjudication in the circuit court is well stated in the syllabus of Mr. Justice Miller's opinion in Purifier Co. v. Christian, 3 Ban. & A. 42, as follows: 'Where a patent has been established by a decision of a circuit court after careful consideration, that decision is entitled to very great weight in a subsequent application, either before the same court or any other for a preliminary injunction or any preliminary relief.' We concur in this statement of the law."

I have carefully considered the additional evidence as to lack of patentable novelty presented by certain British patents and model exhibits, which it is claimed show a prior use of pedal bars like those of the patent in suit. I do not find in this evidence anything which would lead me to a conclusion different from that reached by the learned judge who tried the case in Maryland.

The claim of defective title is not sustained by the evidence. Under the assignment by the complainant the Overman Wheel Company, of June 10, 1886, the legal title to the patent vested in the complainant the Pope Manufacturing Company, subject only to the reservation by the Overman Wheel Company of the sole right to make pedals like the infringing pedal. The two complainants, therefore, own all rights under said patent, and are the proper parties in this suit. Manufacturing Co. v. Clark, *supra*. The decisions of the United States circuit court and the United States supreme court in Pope Manuf'g Co. v. Gormully, etc., Manuf'g Co., 34 Fed. Rep. 892, and 144 U. S. 248, 12 Sup. Ct. Rep. 637, are cited in support of the claim that the patent for the invention in suit has been judicially declared invalid. It is true that the Latta patent, therein referred to, does, in the drawings which accompany it, suggest a construction similar in general appearance to that of the patent in suit. It is also true that certain claims of said Latta patent were declared invalid by the circuit court in the above case, and that, in the opinion of the United States supreme court, affirming the decree of the circuit court, it said: "If there be any novelty at all in the Latta patent, it must receive such an exceedingly narrow construction that the defendant cannot be held to have infringed it." But it appears upon examination of the Latta patent that none of its claims embrace the invention of the defendant. It further appears that the second and third claims of said patent, being the claims which defendant in above cases was alleged to have infringed, are for pedal bars coated with rubber, longitudinally grooved. This form of pedal bar was expressly disclaimed as old by the patentee of the patent in suit. I have been unable to adopt the construction of the above decisions claimed by defendant's counsel. But, if there is any force in the claim that, by such construction, the decision of the Maryland court has been virtually overruled, this claim is one which may more properly be presented to and passed upon by the appellate court. I shall therefore follow the rule as stated in Brush Electric Co. v. Accumulator Co., 50 Fed. Rep. 833.

"The rule is well established that where, as the result of a contested controversy, letters patent have been sustained, preliminary injunctions will be granted against infringers, as a matter of course, by the court which has adjudged the letters patent valid, and, as a matter of comity, by the federal courts in other circuits."

The motion for the preliminary injunction is granted.